IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH McDONALD, individually, and on behalf of all persons similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 09-cv-2039 |
| v. | ) ) | Judge Joan H. Lefkow |
| EAGLE EXPRESS LINES, INC. | ) ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

Plaintiff Keith McDonald ("McDonald"), on behalf of himself and other consenting similarly situated employees, has brought suit under the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 201 *et seq.*, against defendant Eagle Express Lines, Inc. ("Eagle"), for misclassifying its local driver employees as exempt under the FLSA from overtime wages, thereby wrongfully denying them compensation guaranteed by law. McDonald also makes a quantum meruit claim in which he asserts that he and fellow employees worked hours in excess of forty hours per week without overtime pay at the direction of Eagle. Finally, in count III, McDonald claims Eagle was unjustly enriched and so is liable to McDonald and other employees for all hours worked in excess of forty hours per pay period at the rate of time-and-a-half. Eagle has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[1] For the reasons stated below, Eagle's motion is denied.

---

[1] The parties agree that subject matter jurisdiction in this case is premised on the FLSA claim alleged in count I. Compl. ¶ 7.

1

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. In determining whether subject matter jurisdiction exists, the court must accept all well-pleaded facts alleged in the complaint and draw all reasonable inferences from those facts in the plaintiff's favor. *Sapperstein* v. *Hager*, 188 F.3d 852, 855 (7th Cir. 1999). "When evidence pertinent to subject matter jurisdiction has been submitted, however, the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists." *Id.* at 855 (quoting *United Transp. Union* v. *Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)) (internal quotation marks omitted). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *United Phosphorus, Ltd.* v. *Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003)

**BACKGROUND**

Based primarily in the Midwest, Eagle is an Illinois corporation. It is a full service asset-based contract carrier that specializes in the delivery of time sensitive items for the United States Postal Service ("USPS") and other manufacturing and distribution companies. Eagle has service contracts with the USPS that were in effect at all times pertinent to the present case. The contracts are subject to the Service Contract Act of 1965 ("SCA"), codified at 41 U.S.C. § 351 *et seq.*, which requires Eagle to pay all service employees no less than the minimum salary and fringe benefits dictated by the Register of Wage Determinations. *See* App. A. to Aff. of Todd D. Pals. The Register of Wage Determinations provides the minimum wage rate per hour as well as information regarding vacation and holiday pay and health, welfare, and pension payments.

Plaintiff Keith McDonald is a resident of Lansing, Illinois, and a former truck driver for Eagle. During his employment, McDonald regularly delivered goods on a designated route from

Bolingbrook, Illinois to Chicago, Illinois. McDonald alleges that, as regular pattern and practice, Eagle required drivers to work more than forty hours a week. On average, McDonald alleges that he was typically scheduled to work at least fifty-five hours per week without additional compensation for overtime. Further, McDonald alleges that he and similarly situated colleagues were considered exempt from receiving overtime due to Eagle's willful and/or knowing and/or reckless misclassification of their positions as "local drivers" under the FLSA. Compl. ¶ 1. While McDonald and other "local" drivers were assigned to entirely local intrastate routes, McDonald contends that he and his colleagues had additional duties and responsibilities that did not qualify them as exempt under the FLSA. Compl. ¶ 15-16. Additionally, McDonald asserts quantum meruit and unjust enrichment claims for the benefits of such unpaid work, which were conferred upon and accepted by Eagle. McDonald seeks to recover time-and-a-half compensation for all hours worked in excess of forty hours a week beginning three years prior to the filing of the complaint until judgment is entered in the case. In addition to compensation for overtime, McDonald seeks liquidated damages, as provided in 29 U.S.C. § 216(b), as well as any other equitable relief the court deems just and proper.

## ANALYSIS

Eagle contends that the court lacks jurisdiction because the contract between Eagle and the USPS is a federal contract explicitly governed by the administrative procedures available in the SCA. The SCA provides that any work conducted pursuant to federal service contracts must pay wages and fringe benefits consistent with those established by the Secretary of Labor. 41 U.S.C. §§ 351, 358. Those established wage and benefit rates are found in the Secretary's Register of Wage Determinations. The Secretary of Labor has sole jurisdiction to enforce the SCA. 41 U.S.C. §§ 352(b), 353. The SCA does not provide for an explicit or implicit private

right of action. *Dist. Lodge No. 166, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO* v. *TWA Servs., Inc.*, 731 F.2d 711, 714-16 (11th Cir. 1984); *Miscellaneous Serv. Workers, Drivers & Helpers, Teamsters Local # 427* v. *Philco-Ford Corp.*, 661 F.2d 776, 779-81 (9th Cir. 1981); *Oji* v. *PSC Envtl. Mgmt. Inc.*, 771 F. Supp. 232, 233-34 (N.D. Ill. 1991). Eagle contends that McDonald is a service employee within the meaning of the SCA and is therefore not entitled to bring a private claim under the FLSA for overtime wages. Instead, Eagle argues that McDonald must file a complaint with the Secretary of Labor and proceed along the administrative channels prescribed by the SCA. Furthermore, Eagle asserts that McDonald's state claims must be dismissed, as no basis for original jurisdiction would exist if the FLSA claim is not proper.

Both parties agree that subject matter jurisdiction in this case, including supplemental jurisdiction for McDonald's quantum meruit and unjust enrichment state claims, is contingent on the propriety of the FLSA claim. Therefore, the issue is whether McDonald may bring a claim under the FLSA for overtime compensation despite the fact that the SCA governs the work he performed. For the reasons stated below, the court concludes that the court has jurisdiction over McDonald's FLSA claim.[2]

Eagle relies on *Nichols* v. *Mower's News Service, Inc.*, 492 F. Supp. 258 (D. Vt. 1980), and *Oji* v. *PSC Envtl. Mgmt. Inc.*, 771 F. Supp. 232, 233-34 (N.D. Ill. 1991), in support of its motion to dismiss. *Nichols* involved the same fact pattern as here. In a briefly articulated decision, the court concluded that claims for overtime pay are regulated by the SCA and dismissed plaintiff's claim for lack of subject matter jurisdiction. *Id*. *Oji* involved a suit by an employee for unpaid retirement benefits clothed as an action by a third-party beneficiary for

---

[2] Because McDonald's FLSA claim may proceed, the court need not address Eagle's argument that the quantum meruit and unjust enrichment state claims should be dismissed for lack of original jurisdiction.

breach of a contract to pay the benefits. The court inferred that the plaintiff was seeking to recover under a federal government contract subject to the SCA. *Oji*, 771 F. Supp at 233-34. As such, the plaintiff's claim was under the SCA. Because there is no private right of action under the SCA, the court dismissed the lawsuit. As in *Nichols*, Eagle argues that consideration of legislative intent underlying the SCA and FLSA is unnecessary because the SCA plainly governs. The argument is unpersuasive in light of substantial authority to the contrary on which plaintiff relies. Indeed, *Nichols* is an outlier.

In the background, *Powell* v. *U.S. Cartridge Company* presents an important parallel. There, munitions workers operating under government contracts controlled by the Walsh-Healey Act sued their employers for overtime compensation under the FLSA.[3] 339 U.S. 497 (1950). The United States Supreme Court characterized the broad sweeping nature of the FLSA as indicating "congressional awareness that the coverage of the Fair Labor Standards Act overlaps that of other federal legislation affecting labor standards." *Powell*, 339 U.S. at 518. The Court noted that the FLSA specifically exempts certain employees from coverage but does not exempt employees of private contractors under public contracts. *Id.* at 517. Thus, the Court held that the Walsh-Healey Act did not preclude application of the FLSA. *Id*. at 519-20.

The SCA, like the Walsh-Healey Act, also deals with the wage rates of and benefits due to employees of government contractors. Courts have looked to *Powell* in determining whether the FLSA can supplement the SCA, have concluded that the FLSA and SCA can indeed

---

[3] The Walsh-Healey Act regulates wages and hours of employees working on certain government contracts. *Powell* v. *U.S. Cartridge Corp.*, 339 U.S. 497, 515 (1950). After the FLSA was passed, the Walsh-Healey Act was amended so as to make clear that the FLSA applied to employment also covered by the Walsh-Healey Act. *Id.* at 515 n.18, 518. Similarly, the SCA contains a section related to the calculation of overtime that recognizes the applicability of other federal laws to contracts governed by the SCA. 41 U.S.C. § 355.

supplement one another, and have held that the FLSA allows for a private right of action despite the SCA's applicability.

For example, in *Lee* v. *Flightsafety Services Corp.,* the court affirmed a judgment under the FLSA in favor of firefighters and engineers working under an SCA contract, reasoning from the parallel to *Powell* and asserting that Congress intended the FLSA to "overlap" with other federal legislation, including the SCA.  20 F.3d 428, 431 (11th Cir. 1994).  Similarly, in *Masters* v. *Maryland Management Co.*, the Fourth Circuit concluded that the SCA can be supplemented by the FLSA where they are not in direct conflict.  493 F.2d 1329, 1332-33 (4th Cir. 1974).  The court affirmed the judgment in favor of the employees, reasoning that because the overtime computation rate was the same under both the FLSA and the SCA, the two acts did not conflict, permitting the employees to file a suit under the FLSA.  *Id.*; *see also Mersnick* v. *USProtect Corp.*, No. C-06-03993 RMW, 2006 WL 3734396, at *3-5 (N.D. Cal. Dec. 18, 2006) (FLSA overtime claim was not precluded by the SCA or a settlement entered into between the Department of Labor and the plaintiff's employer under the SCA regarding unpaid compensation); *Koren* v. *Martin Marietta Services, Inc.*, 997 F. Supp. 196, 211, 214-17 (D.P.R. 1998) (summary judgment denied on FLSA claims because the SCA did not impliedly repeal the FLSA's private enforcement provisions for unpaid overtime compensation); *Brown* v. *Luk, Inc.*,No. 95-CV-1780, 1996 WL 280831 (N.D.N.Y. May 10, 1996) (wage rate and holiday pay claims dismissed because the SCA does not provide a private right of action to enforce these claims, but claims for certain overtime compensation could proceed under the FLSA); *Dowd* v. *Blackstone Cleaners, Inc.*, 306 F. Supp. 1276, 1278-79 (N.D. Tex. 1969) (a claim for overtime can be filed under the FLSA despite the SCA).

Both the FLSA and the SCA were enacted to guarantee employee rights, and the United States Supreme Court has made clear that rights under the FLSA may overlap with other labor laws without being conflicting. The reasoning of the Fourth and Eleventh Circuits and a variety of district courts is more persuasive than *Nichols*, the single district court decision Eagle cites.[4] The SCA is designed to ensure that employees working on federal contracts receive, at minimum, the same prevailing wages and benefits as other employees, government and non-government alike, in their respective localities. To this end, § 351(a) of the SCA provides that each federal contract shall contain a provision specifying the minimum monetary wage to be received as well as fringe benefits.[5]  41 U.S.C. § 351(a).  Although § 351(a) does not require overtime compensation for federal contracts, § 355 provides that overtime pay may be determined under any applicable federal law, including the FLSA. *Id.* § 355. Moreover, Department of Labor regulations make clear that the SCA "does not provide for compensation of covered employees at premium rates for overtime hours of work . . . . however, . . . other Federal laws may require such compensation."  29 C.F.R. § 4.180 (2009).

Given the supplemental nature of the FLSA, combined with the SCA's failure to explicitly guarantee overtime compensation in all federal contracts but referencing the availability of other governing law as well as Department of Labor regulations stating that other laws may be applicable to claims for overtime compensation, the court concludes that McDonald and similarly situated employees may proceed under the FLSA for unpaid overtime despite

---

[4]*Oji* is readily distinguishable from the case presented here. In *Oji*, the plaintiff had no alternative private right of action. Here, by contrast, plaintiff relies on the explicit right of action contained in the FLSA and the considerable authority holding it supplemental to the SCA.

[5]  Fringe benefits consist of "medical or hospital care, pensions on retirement or death, compensation for injuries or illness resulting from occupational activity, or insurance to provide any of the foregoing, unemployment benefits, life insurance, disability and sickness insurance, accident insurance, vacation and holiday pay, costs of apprenticeship or other similar programs and other bona fide fringe benefits not otherwise required by Federal, State, or local law . . . ."  41 U.S.C. § 351(a)(2).

being covered by the SCA. As such, the court has subject matter jurisdiction over McDonald's claim.

## CONCLUSION AND ORDER

For the foregoing reasons, Eagle's motion to dismiss for lack of subject matter jurisdiction [#14] is denied.

Sept. 29, 2009                      Enter: _____

                                                    JOAN HUMPHREY LEFKOW
                                                    United States District Judge