UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH MCDONALD, individually, and on behalf of all others similarly situated,   )<br>  )<br>Plaintiff,   )<br>  )<br>v.   )<br>  )<br>EAGLE EXPRESS LINES, INC. ,   )<br>  )<br>Defendant.   ) | Civil No. 09-cv-2039<br><br>Judge Joan H. Lefkow<br>Magistrate Judge Keys |

**DEFENDANT'S MOTION FOR JUDGMENT ON COUNTS II AND III OF THE COMPLAINT PURSUANT TO RULE 12(c)  F.R.Civ.P.**

NOW COMES Defendant, EAGLE EXPRESS LINES, INC., (hereinafter referred to as "EAGLE" or "Defendant"), by and through its attorneys, PAUL A. GAJEWSKI, and AXELROD, GOODMAN, STEINER & BAZELON, and moves for the entry of a Judgment on the Pleadings on Counts II and III of the Complaint  pursuant to Rule 12(c)  F.R.Civ.P. , in favor of Defendant and against Plaintiff, KEITH MCDONALD, individually, and on behalf of all others similarly situated, (hereinafter referred to as "MCDONALD" or "Plaintiff"),  and in support thereof respectfully states as follows:

**I.    STATEMENT OF THE CASE**

On April 2, 2009 Plaintiff filed its Complaint ( Document #1) against Defendant consisting of three counts. Count I is grounded in the Fair Labor Standards Act (FLSA) seeking overtime wages against Defendant for work performed for his employer Eagle under written contracts with its customer the United States Postal Service.  Count II is a claim for the same relief based on *Quantum Merit*. Count III is also a claim for the same relief based on *Unjust Enrichment*.  Counts II and III are

both state common law equitable claims that derive their support from the exact same set of allegations and relief found in Plaintiff's Count I claim under the FLSA. Defendant has concurrently filed with the present motion a Motion for Summary Judgment on Count I of Plaintiff's Complaint. For the reasons set forth below, Counts II and III of the Complaint may not stand and are ripe for judgment in favor of Defendant.

## II.  DISMISSAL OF PLAINTIFF'S FLSA CLAIM IN COUNT I, EXTINGUISHES THE COURT'S SUPPLEMENTAL JURISDICTION TO CONSIDER COUNTS II AND III

As stated above, in addition to Plaintiff's claim for relief under the FLSA in Count I, McDonald's lawsuit also includes two additional equitable Counts. Count II is identified as a claim based on *Quantum Meruit*. Count III is identified as being a claim based on *Unjust Enrichment*. Both claims are state common law equitable claims which do not involve a federal question. Under 28 U.S.C. §1367(c)(3), a Court is empowered to take supplemental jurisdiction over state claims only if the Court first has "original jurisdiction" of the claim to which the state claims are attached. *Rifkin v. Bears Stearns & Co., Inc.*, 248 F3d. 628, 634 (7th Cir., 2001). Upon a grant of the relief sought by Defendant in its Summary Judgment Motion as to Count I, dismissal of Plaintiff's federal question claim in Count I would extinguish this Court's supplemental jurisdiction over the two additional state common law equitable claims. Furthermore, diversity jurisdiction under 28 U.S.C. §1332 does not exist in this case.

Accordingly, upon dismissal of Count I, Defendant is entitled to a judgment in its favor dismissing Count II and Count III of the Complaint.

**III. COUNTS II AND III OF THE COMPLAINT ARE PREEMPTED BY PLAINTIFF'S FLSA CLAIM**

Count I of Plaintiff's Complaint is solely based on relief under the FLSA. Counts II and III of the Complaint restate and reallege the allegations of Count I as support for the subsequent counts. The relief sought by Plaintiff in the FLSA count is the same as in the two subsequent common law counts.

Under the circumstances, the state common law claims plead by Plaintiff are preempted by the FLSA and are not properly before this court. *Cichon v. Exelon Generation Co.*, 2002 WL 31455986 (N.D.Ill. Nov. 1, 2002).

**IV. COUNTS II AND III OF THE COMPLAINT CANNOT STAND WHERE A CLAIM IS BASED ON A CONTRACT**

It is well established under Illinois law that an "unjust enrichment" claim is not available where an action is based on an alleged contract. *F.H. Prince & Co., v. Towers Fin. Corp.*, 275 Ill.App.3d 792,804,656 N.E.2d 142(1st Dist., 1995).

In *Shaw v. Hyatt International Corporation*, 461 F.3d 899, (7th Cir. 2006), Judge Rovner found:

> **Similarly, Shaw fails to present a claim for unjust enrichment, because that is unavailable where the claim rests on the breach of an express contract. *Guinn v. Hoskins Chevrolet,* 361 Ill.App.3d 575, 296 Ill.Dec. 930, 836 N.E.2d 681, 704**

**(Ill.App.2005) (the doctrine of unjust enrichment has no application where a specific contract governs the relationship of the parties).**
**(Underline added)**

Here, Plaintiff's Complaint and relief sounds in contract, seeking overtime wages by way of compensation originating from Defendant's "contractual obligations", [See: Complaint, Prayer for Relief, C.] which were the written service contracts Defendant entered into with the United States Postal Service and upon which Defendant paid Plaintiff. Plaintiff does not plead that he was not paid for his hours worked but rather that he is entitled to more than he was paid, i.e. time-and-a-half, for his work beyond 40 hours. This argument makes a claim based on equity unsustainable. Additionally, Plaintiff does not plead that the contracts under which Plaintiff was paid were invalid.

Accordingly, Defendant is entitled to a Judgment in its favor dismissing Counts II and III of the Complaint.

**V.   COUNTS II AND III OF THE COMPLAINT ARE REDUNDANT AND REPETATIVE**

On its face, Counts II and III are merely duplicative of Plaintiff's Count I claim under the FLSA. The two state common law equitable claims are based entirely on the same set of facts and circumstances as the FLSA claim. Counts II and III of the Complaint seek the identical relief as plead in Count I. Claims that are redundant, repetitive or superfluous are not sustainable causes of action and should be dismissed as such.

VI.     **CONCLUSION AND PRAYER**

Plaintiff's claim against Defendant in its Complaint amounts to nothing more than an action by an employee seeking overtime wages for work rendered pursuant to contracts between his employer, Eagle and its customer, the United States Postal Service. Plaintiff has attempted to characterize the contract claims as otherwise in Counts II and III of the Complaint. However, in circumstances such as presented by the pleadings herein, as a matter of law, in the 7th Circuit and the State of Illinois, there is no action for unjust enrichment or quantum meruit where there is an express contract between the parties.

Furthermore, upon the dismissal of Count I of the Complaint, this court loses its supplemental jurisdiction to hear the remaining Counts in the Complaint.

Finally, if Count I of the Complaint remains, Counts II and III are preempted by the statutory character of the FLSA and must fall.


**WHEREFORE**, for the above and foregoing reasons, Defendant EAGLE EXPRESS LINES, INC., prays for the entry of a judgment in its favor, and against Plaintiff, KEITH MCDONALD, individually, and on behalf of all others similarly situated, dismissing Counts II and III of Plaintiff's Complaint.

        Respectfully submitted,

        EAGLE EXPRESS LINES, INC.,
        Defendant


By:   /s/ Paul A. Gajewski
       Paul A. Gajewski, One of its Attorneys


Dated: October 26, 2009

OF COUNSEL:

Paul A. Gajewski, Esq.
AXELROD, GOODMAN, STEINER & BAZELON
ARDC # 06190911
39 South LaSalle Street - Suite 920
Chicago, Illinois 60603
(312) 236-9375
(312) 236-2877 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2009 a copy of the foregoing **DEFENDANT'S MOTION FOR JUDGMENT ON COUNTS II AND III OF THE COMPLAINT PURSUANT TO RULE 12(c) F.R.Civ.P.** was filed electronically. Notice of this filing will be sent to all parties registered with the Court's electronic filing system by operation of the Court's system. Parties may access this filing through the Court's system which will send notification of such filing(s) to the following:

> Robert M. Foote, Esq.
> Matthew J. Herman, Esq.
> Stephen W. Fung, Esq.
> FOOTE, MEYERS, MIELKE & FLOWERS, LLC
> 28 N. First St., Suite 2
> Geneva, Illinois 60134
> Telephone: 630-232-6333
> Fax: 630-845-8982
>
> Kathleen C. Chavez, Esq.
> CHAVEZ LAW FIRM, P.C.
> 28 N. First St., Suite 2
> Geneva, Illinois 60134
> Telephone: 630-232-4480
> Fax: 630-845-8982
>
> Peter L. Currie, Esq.
> THE LAW FIRM OF PETER L. CURRIE, P.C.
> 536 Wing Lane
> Saint Charles, Illinois 60174
> Telephone: 630-862-1130
> Fax: 630-845-8982

/s/ Paul A. Gajewski<br>Paul A. Gajewski